**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Unknown Party,

Plaintiff,

v.

Shaila Patel, et al.,

Defendants.

No. CV-23-00581-TUC-AMM

**ORDER**

Pending before the Court is Defendants' Motion to Compel Payment of Expert Deposition Fees. (Doc. 72.) The motion is fully briefed. (Docs. 72, 75–76.) For the following reasons, the Court will grant the motion in part and require Plaintiff to pay the remaining balance of $2,623.50. It will deny Defendants' request for prejudgment interest.

Plaintiff noticed the deposition of Defendants' retained expert, Erin M. Nelson, Psy.D., for November 5, 2025. (Doc. 72-1 at 6.) Before the deposition, Defendants' counsel contacted Plaintiff's counsel with the following:

> [Y]ou have asked that Dr. Nelson reserve her entire day. She is happy to do that, but it will entail billing you for the entire day because she has opportunities for billable time she is foregoing. If you can provide a more limited amount of time that she needs to reserve, that will enable her to reduce the invoice.

(*Id.* at 9.) Plaintiff's counsel did not provide a shorter deposition time. (*Id.* at 13.) Instead,

Plaintiff's counsel responded that Plaintiff would only pay Dr. Nelson for the time spent in deposition. (*Id.*) Although the parties met and conferred on the matter, they did not resolve it, and Dr. Nelson reserved 7 hours for the full day as Plaintiff requested. (Doc. 72 at 3.) Ultimately, the deposition lasted approximately 2 hours. (*Id.*) Dr. Nelson also spent 3.6 hours preparing for the deposition. (*Id.*) Her final invoice charges $450 per hour for 3.6 hours of preparation and 7 hours of reserved deposition time, plus a 10 percent administrative surcharge, totaling $5,247.00. (Doc. 72-1 at 32–34.) Plaintiff already paid $2,623.50, leaving an unpaid balance of $2,623.50. (Doc. 75 at 2.)

Plaintiff does not dispute that Dr. Nelson is entitled to recover for the 3.6 hours spent preparing for the deposition and the 2 hours spent in deposition.[1] (*Id.*) However, Plaintiff argues that requiring Plaintiff to pay for the full 7-hour day equates to an impermissible "flat fee" of $3,465.00 for a deposition. (*Id.*) The Court disagrees.

Federal Rule of Civil Procedure 26(b)(4)(E), provides:

> Unless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D) . . . .

Fed. R. Civ. P. 26(b)(4)(E). Rule 26 does not categorically limit recovery to time that an expert is actually under examination. *See Miller v. Sawant*, 114 F.4th 1071, 1076 (9th Cir. 2024). Instead, the Court must consider the circumstances under which the time was reserved and determine what is reasonable time "spent in responding to discovery." *See id.*

Here, the record establishes that Plaintiff requested Dr. Nelson's deposition,

[1] For the record, the Court finds that Dr. Nelson's 3.6 hours of preparation was reasonable. Dr. Nelson attests that she reviewed pleadings, expert reports, Plaintiff's deposition materials, and research cited in the expert reports in preparation for her testimony. (Doc. 72-1 at 29–30.) Her hourly rate of $450 is the rate identified in her disclosed fee schedule and is supported by her qualifications and experience as a forensic clinical psychologist. (Id. at 34–36.) Thus, the resulting preparation charge of $1,620.00, plus the applicable ten-percent surcharge, is reasonable.

declined to state how much time she expected to need other than a full day, and was specifically advised before the deposition that reserving the full day would result in an invoice for that time. Defendants proposed a shorter reservation with the possibility of recalling Dr. Nelson if necessary; however, it appears Plaintiff declined that offer. (Doc. 72-1 at 22–23.) Dr. Nelson thereafter held 7 hours available and was unable to schedule other professional work during that time. (*Id.* at 29–30.)

Under these circumstances, the 7 hours Dr. Nelson reserved were reasonably spent responding to Plaintiff's discovery request. This is not a flat deposition fee untethered from the work or time required. Rather, the invoice applies Dr. Nelson's disclosed hourly rate to the preparation time and the 7 hours she held available at Plaintiff's request. *See also Edin v. Paul Revere Life Ins. Co.*, 188 F.R.D. 543, 548 (D. Ariz. 1999) (requiring payment for reserved deposition time where the expert reasonably relied on counsel's representation of the expected deposition length and was unable to schedule other matters). Nor has Plaintiff shown that requiring payment would result in manifest injustice. *See* Fed. R. Civ. P. 26(b)(4)(E); *Miller*, 114 F.4th at 1077.

Therefore, the Court finds reasonable Dr. Nelson's invoice of $5,247.00, consisting of 10.6 hours at $450 per hour ($4,770.00) and the previously disclosed 10 percent administrative surcharge ($477.00). Plaintiff has paid $2,623.50. Thus, the unpaid balance is $2,623.50.

Defendants also request 8.5 percent annual interest from the invoice date. (Doc. 72 at 6.) Defendants do not identify a contractual or other legal basis for prejudgment interest on this discovery fee award. (*Id.*) The Court therefore denies that request without prejudice.

///

///

///

///

///

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Compel Payment of Expert Deposition Fees is **GRANTED IN PART** and **DENIED IN PART**. (Doc. 72.) Plaintiff shall pay Dr. Erin M. Nelson, Psy.D., the remaining unpaid balance of **$2,623.50**. However, Defendants' request for prejudgment interest is **DENIED WITHOUT PREJUDICE**.

Dated this 24th day of August, 2026.

Honorable Angela M. Martinez
United States District Judge